## A. B. GRESHAM *v.* THE STATE.

ESCAPED CONVICT—DISMISSAL OF APPEAL.—An appeal in a felony case hav-
ing been dismissed on suggestion of escape, counsel for the appellant
moved to set aside the dismissal and reinstate the cause. *Held,* that, until
the appellant shall surrender himself to legal custody, his motion to rein-
state will not be considered.

Original motion in this court to reinstate on the docket
the case of the appellant, which, on a previous day of the
term, had been dismissed on suggestion of the attorney
general. The cause was an appeal from a conviction of
felony, taken to the supreme court before the organization
of the court of appeals, to which it was transferred by the
former court.

*Jones & Henry*, for the appellant, submitted the motion
in writing, as follows:

Now comes the appellant, by attorney, and moves the
court to set aside the order dismissing his appeal, and rein-
state said case on the docket.

In support of his motion appellant submits:

1st. His appeal was taken, perfected, and docketed in the supreme court, and thence transferred to this court, under and in pursuance of the Constitution and laws of this state.

2d. That, when his appeal was so taken and perfected, appellant was permitted by the Constitution and laws of the state to appear and prosecute the same by counsel.

3d. That the act of the legislature of this state, approved August 21, 1876, in pursuance of which this case was dismissed, is by its terms and intent prospective, and not retrospective.

4th. That said act is unconstitutional in this: That it is an *ex post facto* law, inasmuch as it prescribes a penalty for an act not punishable when committed; that the punishment prescribed is "unusual punishment," inasmuch as the penalty affixed to the law is to close the courts to him for an injury done his person, whereas the Constitution declares that "all courts shall be open;" and that by the "due process of law" of this state the appellant was given the remedy, by appeal to and hearing in this court, upon a statement of facts judicially ascertained and set forth in the record, to have the errors of the district court, by the judgment of which he was illegally confined, reviewed and reversed; which remedy the said act denies him if it is allowed to have a retrospective operation, inasmuch as, without a hearing in any appellate tribunal or elsewhere, and without a judicial ascertainment of the fact upon which the action is based, by a mode of proof not prescribed by the act, and not in force at the time of his escape, by dismissing his appeal the judgment of the court is in effect affirmed, and appellant subjected to punishment without reference to his guilt or innocence of the offense charged against him.

5th. The Constitution confers upon this court appellate jurisdiction in all criminal cases, and the legislature has no authority to impair or abridge this jurisdiction.

6th. It is apparent that no emergency existed authorizing the legislature to make said act take effect from its passage.

· *George McCormick*, Assistant Attorney General, for the State.

Ector, Presiding Judge.   The assistant attorney general, as counsel for the state, during the present term of this court, suggested that, since the appeal in this cause was perfected, the appellant had escaped and is now at large. Wherefore said counsel for the appellee moved the court to dismiss said appeal.   And this court dismissed said appeal upon the fact of such escape having been made to appear, in accordance with the provisions of the act of the legislature of this state, approved August 21, 1876.   See Gen. Laws, Fifteenth Legislature, 217.

On the 17th day of October the attorneys for the appellant filed a motion to set aside the order dismissing the appeal, and to reinstate the case on the docket in this court; in which motion they set forth that the said act of the legislature, in pursuance of which this case was dismissed, is prospective, and not retrospective; that it is an *ex post facto* law, and unconstitutional.

As the defendant has attempted to relieve himself by flight, and to put himself out of the reach of the law, this court might reasonably conclude that he had abandoned his appeal, that he was in contempt of court, and that his appeal should be dismissed.

The supreme court of Kentucky has decided that an escaped prisoner, who had been convicted of a felony, will not be permitted to prosecute an appeal to reverse the judgment of conviction, and, consequently, dismissed his appeal.

Cofer, J., delivering the opinion, uses the following language, to wit:

" It seems to us clear, both upon principle and authority,

that the motion ought to be sustained. The court ought. not to do a nugatory act; yet, if we proceed to try this. appeal, the appellant cannot be compelled to submit to our decision if it should be against him, and ought not, therefore, to be allowed to reap the benefit of a decision in his favor. He might thus be enabled to defeat the ends of justice entirely, for he may be able to keep beyond the reach of the officers until, by death or removal of witnesses, or other causes, his conviction upon a second trial would be rendered improbable, if not impossible. As he has chosen to under-- take to relieve himself by flight, in contempt of the author-. ity of the court and of the law, he cannot also invoke the aid of this court.'' 10 Bush. (Ky.) 526.

The appellant having voluntarily placed himself out of the reach of the law, and having manifested a disposition not to submit himself to its decision should it be against him, he is not entitled to be heard in this court, or in any manner to invoke its aid.

When the appellant surrenders himself to legal custody, so that the decision of his case, if against him, can be enforced, then this court, if it thinks that it committed an error in dismissing his appeal, can revise its action.

The motion filed by the counsel for the appellant, to set. aside the said order dismissing the appeal, and to reinstate the above entitled cause on the docket of this court, is over-- ruled.

*Motion overruled.*